UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 07-777-CAS | Date | April 21, 2008 |
|---|---|---|---|
| Title | EDWARD M. WOLKOWITZ, as Trustee for IMPERIAL CREDIT INDUSTRIES, INC. v. PERRY A. LERNER; SANTA MONICA PICTURES, LLC; CORONA FILM FINANCE FUND, LLC; and DOES 1 through 40 (IN RE IMPERIAL CREDIT INDUSTRIES, INC.) | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| A. Matthew Ashley<br>Jared Gale<br>Pamela Graham | Marc Rappel<br>Anita Wu | |

**Proceedings:** **DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY AND EVIDENCE CONCERNING THE EXPERT LIABILITY REPORT OF PLAINTIFF'S PROFFERED EXPERT WITNESS M. FREDDIE REISS** (FILED 03/28/08)

**DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE (1) HEARSAY EVIDENCE REGARDING THE TAX COURT'S NON-PRECLUSIVE FINDINGS AND (2) ARGUMENT THAT LERNER "FAILED TO DISCLOSE" THE TAX COURT'S PRECLUSIVE FINDINGS** (FILED 03/28/08)

## I.   INTRODUCTION

On July 17, 2003, Imperial Credit Industries, Inc. ("Imperial") filed a petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 et seq. First Am. Compl. ("FAC") ¶ 4. On August 4, 2005, the court therein converted the Chapter 11 case into a Chapter 7 case, 11 U.S.C. §§ 701 et seq., and Edward M. Wolkowitz was appointed trustee. Id. On July 5, 2007, defendants moved to withdraw the reference of this adversary proceeding from bankruptcy court to district court. Docket No. 1. On September 7, 2007, in light of the parties' agreement to withdraw the reference, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 07-777-CAS | Date | April 21, 2008 |
|---|---|---|---|
| Title | EDWARD M. WOLKOWITZ, as Trustee for IMPERIAL CREDIT INDUSTRIES, INC. v. PERRY A. LERNER; SANTA MONICA PICTURES, LLC; CORONA FILM FINANCE FUND, LLC; and DOES 1 through 40 (IN RE IMPERIAL CREDIT INDUSTRIES, INC.) | | |

granted defendants' motion. Docket No. 11. On April 4, 2006, plaintiff Edward M. Wolkowitz filed the operative FAC against defendants Perry A. Lerner ("Lerner"), Santa Monica Pictures, LLC ("SMP"), Corona Film Finance Fund, LLC ("Corona"), and Does 1 through 40. The FAC alleges claims to void a 1997 transaction between Corona and Imperial (the "Corona transaction") pursuant to Cal. Corp. Code § 310 and for breach of fiduciary duty. Plaintiff also seeks declaratory relief.[1]

On March 28, 2008, defendants filed two motions in limine seeking to preclude plaintiff's proffered expert witness, M. Freddie Reiss, from testifying about matters set forth in his expert report; exclude evidence of the tax court's non-preclusive findings in Santa Monica Pictures, LLC v. Commissioner, Docket No. 6163-03 and Corona Film Finance Fund, LLC v. Commissioner, Docket No. 6164-03 as inadmissible hearsay; and (3) exclude any argument that defendant Lerner failed to disclose the preclusive findings of the tax court. On April 7, 2008, plaintiff filed his oppositions to defendants' motions in limine. A hearing was held on April 21, 2008. After carefully considering the parties' arguments, the Court finds and concludes as follows.

**II.    DISCUSSION**

    **A.    MOTION IN LIMINE ("MIL") NO. 2**

        **1.    LEGAL STANDARD**

Under Fed. R. Evid. 702,

> If scientific, technical, or other specialized knowledge will assist the trier of
> fact to understand the evidence or to determine a fact in issue, a witness

---

[1] The case entitled, Wolkowitz v. Lerner et al. (In re Imperial Credit), Case No. CV SA 03-19407 ES, was transferred by transfer order filed on July 12, 2007, from the Central District of California (Santa Ana Division).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 07-777-CAS | Date | April 21, 2008 |
|---|---|---|---|
| Title | EDWARD M. WOLKOWITZ, as Trustee for IMPERIAL CREDIT INDUSTRIES, INC. v. PERRY A. LERNER; SANTA MONICA PICTURES, LLC; CORONA FILM FINANCE FUND, LLC; and DOES 1 through 40 (IN RE IMPERIAL CREDIT INDUSTRIES, INC.) | | |

qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The determination of whether expert testimony is admissible "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 593-93 (1993). "Daubert's general holding -- setting forth the trial judge's general 'gatekeeping' obligation -- applies not only to testimony based on 'scientific knowledge' but also to testimony based on 'technical' and 'other specialized' knowledge." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999).

In acting as the gatekeeper, the trial court has broad discretion in deciding whether to admit or exclude expert testimony. See e.g., General Elec. Co. Joiner, 522 U.S. 136, 142 (1997); United States v. Espinosa, 827 F.2d 604, 611 (9th Cir. 1987) ("The decision to admit expert testimony is committed to the discretion of the district court and will not be disturbed unless manifestly erroneous."). Where the case is being tried to the court, courts "sometimes soften the scrutiny of expert testimony." United States v. Newmont USA Ltd., 2007 U.S. Dist. LEXIS 96264, *5-6 (D. Wash. 2007); see e.g., Volk v. United States, 57 F. Supp. 2d 888, 896 n.5 (N.D. Cal. 1999) ("[T]he Daubert gatekeeping obligation is less pressing in connection with a bench trial."); Weber v. Eco-Adventures, Inc., 2004 U.S. Dist. LEXIS 27485, at *3-5 (D. Haw. 2004). "While the court sitting as the trier of fact may not ignore the Daubert standards for assessing the reliability of testimony, it need not make those determinations before hearing the testimony." United States v. RSR Corp., 2005 U.S. Dist. LEXIS 45989, at *4 (D. Wash. 2005). The Court thus addresses defendants' MIL to exclude the testimony of plaintiff's proffered expert witness in light of the relaxed gatekeeping obligations this Court has in connection with a bench trial.

**2.    PARTIES' ARGUMENTS**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 07-777-CAS | Date | April 21, 2008 |
|---|---|---|---|
| Title | EDWARD M. WOLKOWITZ, as Trustee for IMPERIAL CREDIT INDUSTRIES, INC. v. PERRY A. LERNER; SANTA MONICA PICTURES, LLC; CORONA FILM FINANCE FUND, LLC; and DOES 1 through 40 (IN RE IMPERIAL CREDIT INDUSTRIES, INC.) | | |

Defendants move the Court to preclude the testimony of plaintiff's proffered expert witness M. Freddie Reiss ("Reiss"). Defendants argue that Reiss is not qualified to render expert opinions about tax issues because Reiss is not an expert in partnership taxation, tax shelters, or tax law. Defendants argue that therefore, Reiss is wholly unqualified to understand or comment on the conclusions of the tax court. Defendants further argue that Reiss cannot testify about the risks associated with the Corona transaction because he is not qualified to assess those risks.

Defendants maintain that Reiss' testimony is improper because his opinions are almost exclusively predicated on the opinions of other persons with specialized knowledge. Defendants contend that Reiss' testimony is unreliable because, inter alia, he relies on the opinions of tax attorneys at his consulting firm, FTI Consulting, Inc. ("FTI"), on an unidentified outside consultant, and on the conclusions of the tax court. Defendants further argue that plaintiff is seeking to improperly introduce conclusions of the tax court, which conclusions are inadmissible hearsay, through Reiss' testimony. Finally, defendants argue that Reiss' testimony is inadmissible because he purports to opine on matters of law or legal conclusions.[2]

Plaintiff responds that because this case will be tried by the Court, it should allow Reiss to testify before determining the merits of Reiss' testimony. Plaintiff asserts that Reiss, a licensed Certified Public Accountant with a Masters degree in tax, is sufficiently qualified to render his opinions. Plaintiff contends that Reiss often advises clients, including partnerships, on tax related matters. Plaintiff maintains that defendants have

---

[2] Specifically, according to defendants, Reiss was tasked with (1) reviewing and analyzing the Corona transaction, including whether the transaction was "just and reasonable" to Imperial; (2) reviewing and analyzing information that Lerner allegedly failed to disclose to the Board, including whether this information would have been material to the Board's decision; (3) reviewing and analyzing Lerner's financial interest in SMP, including the significance of that interest; and (4) reviewing and opining about Lerner's conduct, his disclosures, and non-disclosures in light of his obligations as a director of Imperial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 07-777-CAS | Date | April 21, 2008 |
|---|---|---|---|
| Title | EDWARD M. WOLKOWITZ, as Trustee for IMPERIAL CREDIT INDUSTRIES, INC. v. PERRY A. LERNER; SANTA MONICA PICTURES, LLC; CORONA FILM FINANCE FUND, LLC; and DOES 1 through 40 (IN RE IMPERIAL CREDIT INDUSTRIES, INC.) | | |

"grossly mischaracterized" Reiss' proffered testimony. Further, plaintiff asserts that Reiss is not relying upon the testimony of undisclosed experts, but rather, in conducting his analysis Reiss asked people at FTI about their pricing experiences in order to obtain oral pricing data.

///

### 3.   ANALYSIS

In Reiss' expert liability report, Reiss offers opinions about (1) the formation, structure, purpose, and propriety of the various transactions at issue here; (2) the value and reasonableness of the Corona transaction; (3) whether Imperial had all necessary information at its disposal when it entered into the Corona transaction; and (4) Lerner's interest in SMP, Corona, and Peridon Inc.

### a.   QUALIFICATIONS

A proffered witness is qualified as an expert by "knowledge, skill, experience, training or education." Fed. R. Evid. 702. Federal Rule of Evidence 702 "contemplates a broad conception of expert qualifications." Thomas v. Newton Int'l Enters., 42 F.3d 1266, 1269 (9th Cir. 1994); United States v. Cambindo Valencia, 609 F.2d 603, 640 (2d Cir. 1979) (liberal standards for qualifying experts); In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741 (3d Cir. 1994) (error to exclude expert witness if the witness is generally qualified). "A lack of specialization affects the weight of the expert's testimony, not its admissibility." Cagle v. Cooper Cos. (In re Silicone Gel Breasts Implants Prods. Liab. Litig.), 318 F. Supp. 2d 879, 889 (C.D. Cal. 2004) (allowing doctor specializing in perinatal and psychiatric epidemiology to offer expert opinion regarding cancer epidemiology).

It appears that Reiss is qualified to opine about the Corona transaction, including the value of the transaction to Imperial, and the materiality of certain information to Imperial, an investor in the Corona transaction. Reiss holds a bachelor's degree in business administration, and a M.B.A. in taxation. Currently, Reiss is the senior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 07-777-CAS | Date | April 21, 2008 |
|---|---|---|---|
| Title | EDWARD M. WOLKOWITZ, as Trustee for IMPERIAL CREDIT INDUSTRIES, INC. v. PERRY A. LERNER; SANTA MONICA PICTURES, LLC; CORONA FILM FINANCE FUND, LLC; and DOES 1 through 40 (IN RE IMPERIAL CREDIT INDUSTRIES, INC.) | | |

managing director in the Corporate Finance/Restructuring Practice of FTI Consulting, Inc. ("FTI"). Before that, he was a partner at Pricewaterhousecoopers where he had "some experience with clients investing in tax shelters." Opp'n MIL No. 2, Ex. 2 (Deposition of M. Freddie Reiss ("Reiss Dep.") at 30:11-12). Reiss is a certified public accountant in California and New York. He has served as a financial advisor, advising boards of directors about future financial policy, and has significant experience with respect to bankruptcy or bankruptcy related matters. As defendants argue, Reiss does not have significant practical experience with tax shelters. However, it appears that Reiss will be testifying about the value of the Corona transaction, and whether Imperial's investment therein was reasonable, from the perspective of an investor. On balance, Reiss' qualifications sufficiently qualify him to render opinions about the value and propriety of an investment. Reiss' alleged lack of speciality will go to the weight to be afforded to his testimony. See e.g., Hammond v. Int'l Harvester Co., 691 F.2d 646, 652-53 (3d Cir. 1982) (upholding district court's decision to permit witness to testify as expert in products liability action, which witness had worked selling automotive and mechanical equipment, and taught automobile repair and maintenance at a high school). Additionally, because the Court holds infra that Reiss will not be permitted to offer legal conclusions, Reiss need not be an expert in tax law.

### b. RELIABILITY

To be admissible, expert testimony must be reliable. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 591 (1993). Defendants argue that Reiss' testimony is unreliable because he relies on the conclusions of the tax court, and that he is not qualified to opine about the correctness of those conclusions. Whether the tax court erred is not at issue in this case. Thus, to the extent that plaintiff seeks to proffer expert testimony about the propriety of the tax court decision, such testimony is irrelevant, and thus inadmissible. It does not, however, appear that Reiss relies on the opinions of the tax court as evidence of the value or reasonableness of the Corona transaction.

Defendants argue that Reiss should not be permitted to "serve as a conduit for the opinions of undisclosed 'experts.'" MIL No. 2. The Court agrees. However, an expert may use assistants in performing his work, so long as those assistants do not "exercise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 07-777-CAS | Date | April 21, 2008 |
|---|---|---|---|
| Title | EDWARD M. WOLKOWITZ, as Trustee for IMPERIAL CREDIT INDUSTRIES, INC. v. PERRY A. LERNER; SANTA MONICA PICTURES, LLC; CORONA FILM FINANCE FUND, LLC; and DOES 1 through 40 (IN RE IMPERIAL CREDIT INDUSTRIES, INC.) | | |

professional judgment that is beyond the expert's ken." Dura Automotive Sys. v. CTS Corp., 285 F.3d 609 (7th Cir. 2002). Thus, an expert's opinion may be based on data collected by others. Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1142 (9th Cir. 1997). Additionally, an expert may collaborate and converse with colleagues before reaching his or her opinions. Scott v. Ross, 140 F.3d 1275, 1286 (9th Cir. 1998) ("Shupe's citations to his extensive studies and to his collaboration with other academics as the basis for his opinions suffice to merit admission of his testimony."); see e.g., United States v. Golden, 532 F.2d 1244, 1248 (9th Cir. 1976) (concluding that DEA agent's expert "opinion was not inadmissible because it was based in part on information obtained from other undercover narcotics agents familiar with the markets involved;

such information was of the type reasonably relied upon by experts determining prevailing prices in clandestine markets").

It does not appear that Reiss is simply conveying the opinions of other experts, and defendants do not direct the Court to any specific part of Reiss' report in which he is doing so.[3] In his expert report, Reiss states that his opinions are "based on [his] review of

---

[3] For this reason, defendants' cited cases are inapposite. For example, in In re James Wilson Associates, 965 F.2d 160 (C.D. Cal. 2000), Metropolitan Life Insurance Company sought to have its expert witness, an architect, testify about the physical condition of a building, which condition was reported to the architect by a consulting engineer. Id. at 172. The district court held that the architect could use what an engineer with whom he consulted told him to "offer an opinion within the architect's domain of expertise, but he could not testify for the purpose of vouching for the truth of what the engineer had told him--[] becoming in short the engineer's spokesman." Id. at 173. Unlike the architect in In re James Wilson Associates, Reiss will opine about matters within the area of his expertise, i.e., the value of the Corona transaction, and the reasonableness of the transaction to Imperial. Similarly, in Tokio Marine & Fire Insurance Co., 1999 WL 12931, at * (4th Cir 1999), the court held that it was error for the district court to admit an appraisal report because the report represented the opinion of an expert who did not testify at trial, and therefore was inadmissible hearsay. Id. at *2. In

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 07-777-CAS | Date | April 21, 2008 |
|---|---|---|---|
| Title | EDWARD M. WOLKOWITZ, as Trustee for IMPERIAL CREDIT INDUSTRIES, INC. v. PERRY A. LERNER; SANTA MONICA PICTURES, LLC; CORONA FILM FINANCE FUND, LLC; and DOES 1 through 40 (IN RE IMPERIAL CREDIT INDUSTRIES, INC.) | | |

relevant testimony, documents and other information prepared or collected by FTI employees and agents working under [his] supervision and direction." MIL No. 2, Ex. 1 (Reiss Expert Report) at 5. As stated above, permitting associates of his firm to gather data is permissible. See Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1142 (9th Cir. 1997). To the extent that defendants are arguing that Reiss improperly conferred with an unidentified, outside consultant, the cited deposition testimony shows only that Reiss asked the consultant questions to confirm Reiss' own opinions. Defendants argue that Reiss improperly relied upon the opinions of other experts, and used their opinions to develop his own. However, again, the cited deposition testimony does not support this contention.[4] Rather, the cited deposition testimony states only that Reiss "consulted" with persons at FTI. MIL No. 2, Ex. 2 (Reiss Dep.) at 25:5-16. To the extent that Reiss received "input" from his colleagues at RTI, the cited deposition testimony does not sufficiently describe the nature of the "input" Reiss received. Id. at 188:20-23. Accordingly, the Court cannot determine, based on the record before it, the extent of assistance offered, whether third parties' exercised professional judgment, or

---

Tokio Marine, the proffered expert witness admitted that he did not decide the appraisal numbers in the report, that while occasionally he offered his input to his grandfather, who drafted the report, the opinions in the report were not his own, but rather his grandfather's. Id. at *3; see also In re Imperial Credit Indus., Inc. Sec. Litig., 252 F. Supp. 2d 1005, 1011-12 (C.D. Cal. 2003) (finding proffered expert's report inadmissible because the expert was not a residual valuation expert, and his report simply relied on excerpts from an expert report authored by a purported residual valuation expert for another litigation); Taylor v. B. Heller & Co., 364 F.2d 608 (6th Cir. 1996) (where plaintiff sought to have his proffered expert witness testify about the value of plaintiff's business, the court concluded that the expert's opinions were inadmissable because his opinions were based on an appraisal prepared by an unidentified third party as to the insurable value of the real estate and equipment of the plaintiff's business).

[4] Plaintiff argues that the Reiss asked people at RTI about their "pricing experiences." Opp'n to MIL No. 2 at 7. However, plaintiff does not cite to any evidence in support of this contention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 07-777-CAS | Date | April 21, 2008 |
|---|---|---|---|
| Title | EDWARD M. WOLKOWITZ, as Trustee for IMPERIAL CREDIT INDUSTRIES, INC. v. PERRY A. LERNER; SANTA MONICA PICTURES, LLC; CORONA FILM FINANCE FUND, LLC; and DOES 1 through 40 (IN RE IMPERIAL CREDIT INDUSTRIES, INC.) | | |

whether third-parties offered opinions beyond the domain of Reiss' expertise.

It does not appear that Reiss is impermissibly basing his own opinions on the opinion of third-parties, or that Reiss seeks to improperly convey the expert opinions of third-parties. However, because this case will be tried to the Court, the question of reliability need not be determined in advance of trial. In re Salem, 465 F.3d 767, 777 (7th Cir. 2006); see also Jones v. United States, 127 F.3d 1154, 1156 (9th Cir. 1997) (noting that district court granted defendant's motion in limine to exclude the testimony of plaintiff's expert after a two-week bench trial because the testimony did not meet Daubert standards). Instead, the Court may admit the challenged evidence, "subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702." In re Salem, 465 F.3d at 777. Accordingly, at the present time, the Court declines to find that Reiss' proffered expert testimony is unreliable.

### c. LEGAL CONCLUSIONS/OPINIONS

An expert may not draw legal conclusions. Mukhtar v. Cal. State Univ., 299 F.3d 1053, 1066 n.10 (9th Cir. 2002); see also Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992) (expert testimony that expresses a legal conclusion must be excluded). Thus, Reiss will not be permitted to offer legal conclusions. Plaintiff represents that Reiss will not be asked to do so. Based on this representation, the Court denies defendants' motion in limine in this regard. See CFM Communs., LLC v. Mitts Telecasting Co., 424 F. Supp. 2d 1229, 1233 (E.D. Cal. 2005) ("The concerns about admitting expert legal opinion may be lessened where . . . a court sits as trier of fact.").

Based on the foregoing, the Court DENIES defendants' motion in limine no. 2 to preclude the testimony of plaintiff's proffered expert witness, M. Freddie Riess, without prejudice.

### B. DEFENDANTS' MIL NO. 3

In their third MIL, defendants seek to preclude plaintiff from offering any testimony and/or evidence about non-preclusive findings of the tax court. Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 07-777-CAS | Date | April 21, 2008 |
|---|---|---|---|
| Title | EDWARD M. WOLKOWITZ, as Trustee for IMPERIAL CREDIT INDUSTRIES, INC. v. PERRY A. LERNER; SANTA MONICA PICTURES, LLC; CORONA FILM FINANCE FUND, LLC; and DOES 1 through 40 (IN RE IMPERIAL CREDIT INDUSTRIES, INC.) | | |

argue that to the extent that the tax court's judgment is offered to prove the truth of the matters asserted therein, it is inadmissible hearsay.

Generally, prior civil judgments are considered inadmissible hearsay. United States v. Boulware, 384 F.3d 794, 806 (9th Cir. 2004), cert. denied 546 U.S. 814 (2005). Thus, neither party may introduce the tax court opinion as substantive proof of the matters concluded therein. However, based on the present record, the Court cannot determine if any exception to the hearsay rule will apply. See e.g., Boulware, 384 F.3d at 806-07 (prior judgment not hearsay to the extent that it is offered to establish the judgment's legal effect and not for the truth of the matter asserted). Because the Court concludes that defendants' objections are more appropriately addressed at trial, the Court denies defendants' request to preclude evidence of the non-preclusive findings of the tax court without prejudice.

Next, with respect to the issues that this Court has previously decided are entitled to preclusive effect, see Feb. 1, 2008 Order (Docket No. 80), defendants urge the Court to preclude any argument that the tax court's findings were "'material facts,'" that defendant Lerner failed to disclose. MIL No. 3 at 5.

It is unclear what relief defendants seek in this regard. As a preliminary matter, it is not certain that any issue decided by the tax court will be entitled to preclusive effect; the burden of proof has not yet shifted to defendants. As the parties are aware, to the extent that the burden of proof is found to have shifted to defendants, defendants SMP, Corona, and Lerner are precluded from relitigating the following issues: (1) that CL and its affiliates did not intend on entering into a partnership together in SMP; (2) that the purported partnership in SMP was actually a disguised sale of approximately $1.6 billion in tax losses in exchange for $10 million; and (3) that SMP and Corona had no tax basis in the tax loss assets. Thus, SMP, Corona, and Lerner may not argue that these issues are not true. However, whether Lerner knew (1) that CL and its affiliates had no intent to partner in SMP, (2) that the purported partnership in SMP was a disguised sale of tax losses, or (3) that SMP and Corona had no tax basis in the tax loss assets, will have to be proved at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 07-777-CAS | Date | April 21, 2008 |
|---|---|---|---|
| Title | EDWARD M. WOLKOWITZ, as Trustee for IMPERIAL CREDIT INDUSTRIES, INC. v. PERRY A. LERNER; SANTA MONICA PICTURES, LLC; CORONA FILM FINANCE FUND, LLC; and DOES 1 through 40 (IN RE IMPERIAL CREDIT INDUSTRIES, INC.) | | |

Accordingly, the Court denies defendants' third MIL without prejudice.

### III.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendants' motions in limine without prejudice.

IT IS SO ORDERED.

00:29

Initials of Preparer          CMJ